UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF NEW YORK

**The Samuel Law Firm**

Michael Samuel (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884

Attorneys for Defendant

| | |
|---|---|
| JESSICA KARIM, on behalf of herself and all others similarly situated,<br><br>                              *Plaintiff*,<br>       - vs. –<br><br>MiaDonna & Company, LLC,<br><br>                              *Defendant*. | DOCKET NO. 1:24-cv-04788-MKV<br><br>**ANSWER** |

Defendant MiaDonna & Company, LLC ("Defendant") by and through its undersigned attorneys, The Samuel Law Firm, as and for its Answer to the Class Action Complaint ("Complaint") filed by plaintiff Jessica Karim ("Plaintiff"), responds as follows:

## AS TO "INTRODUCTION"

1. Defendant admits that Plaintiff brings this action on the described grounds, but denies that those grounds are accurate or that the case has any merit.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and, therefore, denies same.

3. Paragraph 3 of the Complaint asserts no allegations directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and, therefore, denies same.

4. Paragraph 4 of the Complaint asserts legal conclusions to which no answer is required.

1

Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 4.

5. Defendant denies any and all allegations asserted in Paragraph 5 of the Complaint, and refers to the referenced Website for the contents thereof.

6. Defendant admits only that it operates the website https://www.miadonna.com ("Website'). Defendant denies any and all remaining allegations asserted in Paragraph 6 of the Complaint and refers to the referenced Website for the contents thereof.

7. Defendant denies any and all allegations asserted in Paragraph 7 of the Complaint, and refers to the referenced Website for the contents thereof.

8. Paragraph 8 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 8.

9. Paragraph 9 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations set forth in Paragraph 10 of the Complaint, regarding Plaintiff's exploring the Website, and, therefore, denies same. Defendant denies any and all remaining allegations asserted in Paragraph 10.

11. Paragraph 11 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all remaining allegations asserted in Paragraph 11, and further denies that Plaintiff is entitled to any relief and/or recovery on this claim.

## AS TO "JURISDICTION AND VENUE"

12. Paragraph 12 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent a response is required, Defendant denies

that this Court has subject-matter jurisdiction and supplemental jurisdiction over Plaintiff's claims under New York Law.

13. Paragraph 13 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies that venue is proper. Defendant denies any and all remaining allegations asserted in Paragraph 13.

14. Paragraph 14 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant admits that it is registered to do business in Oregon State, and that it opertaes the Website. Defendant denies any and all remaining allegations contained in Paragraph 14.

## AS TO "PARTIES"

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and, therefore, denies same.

16. Paragraph 16 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff is a legally blind person and "cannot use a computer without the assistance of screen reader software", and, therefore, denies same. Defendant also lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations regarding Plaintiff's exploring the Website, and, therefore, denies same. Defendant further denies any and all remaining allegations asserted in Paragraph 16.

17. Defendant admits that it is a Oregon Limited Liability Company with its principal place of business located at 10250 Southwest Greenburg Road, Suite 125, Portland, OR 97223. Defendant denies any and all remaining allegations asserted in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant admits

that it operates the Website. Defendant denies any and all remaining allegations asserted in Paragraph 18, and refers to the referenced Website for the contents thereof.

## AS TO "NATURE OF THE CASE"

19. Paragraph 19 of the Complaint asserts no allegations directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and, therefore, denies same.

20. Paragraph 20 of the Complaint asserts no allegations directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and, therefore, denies same.

21. Paragraph 21 of the Complaint asserts no allegations directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and, therefore, denies same.

22. Paragraph 22 of the Complaint asserts no allegations directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and, therefore, denies same.

23. Paragraph 23 of the Complaint asserts no allegations directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant admits that an organization called the World Wide Web Consortium has published Web Content Accessibility Guidelines. Defendant denies that these guidelines are universally followed, or that any law or regulation requires that such guidelines be followed. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations set forth in Paragraph 23, and, therefore, denies same.

## AS TO "FACTUAL ALLEGATIONS"

24. Defendant admits that it controls and operates the Website. Defendant denies any and all remaining allegations asserted in Paragraph 24 of the Complaint.

25. Defendant denies any and all allegations asserted in Paragraph 25 of the Complaint, and refers to the referenced Website for the contents thereof.

26. Defendant denies any and all allegations asserted in Paragraph 26 of the Complaint, including subparagraphs (a) through (c) therein, and refers to the referenced Website for the contents thereof.

27. Defendant denies any and all allegations asserted in Paragraph 27 of the Complaint.

28. Defendant denies any and all allegations asserted in Paragraph 28 of the Complaint.

29. Defendant denies any and all allegations asserted in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint asserts no allegations directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant denies any and all remaining allegations asserted in Paragraph 30.

31. Defendant denies any and all allegations asserted in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations set forth in Paragraph 32 of the Complaint, regarding Plaintiff's exploring the Website, and, therefore, denies same. Defendant denies any and all remaining allegations asserted in Paragraph 32, including subparagraphs (a) through (m) therein.

33. Defendant denies any and all allegations asserted in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint asserts no allegations directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant denies any and all remaining allegations asserted in Paragraph 34.

35. Defendant denies any and all allegations asserted in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any

and all allegations set forth in Paragraph 36 of the Complaint, regarding Plaintiff's exploring the Website, and, therefore, denies same. Defendant denies any and all remaining allegations asserted in Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's intention to return to the Website, and/or to order any products, and, therefore, denies same. Defendant denies any and all remaining allegations asserted in Paragraph 37 of the Complaint.

38. Defendant denies any and all allegations asserted in Paragraph 38 of the Complaint.

39. Defendant denies any and all allegations asserted in Paragraph 39 of the Complaint.

40. Defendant denies any and all allegations asserted in Paragraph 40 of the Complaint, including subparagraphs (a) through (c) therein.

41. Defendant denies any and all allegations asserted in Paragraph 41 of the Complaint.

42. Defendant denies any and all allegations asserted in Paragraph 42 of the Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

43. Paragraph 43 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 43.

44. Paragraph 44 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 44.

45. Paragraph 45 of the Complaint asserts no allegations directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45, and, therefore, denies same.

46. Defendant denies any and all allegations asserted in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 47. including subparagraphs (a) through (c) therein.

48. Paragraph 48 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any an all allegations asserted in Paragraph 48.

49. Paragraph 49 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 49.

50. Paragraph 50 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 50.

51. Paragraph 51 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 51.

52. Defendant denies any and all allegations asserted in Paragraph 52 of the Complaint.

### AS TO "FIRST CAUSE OF ACTION
*(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)"*

53. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding Paragraphs 1 through 52 as if fully set forth herein.

54. Paragraph 54 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

55. Paragraph 55 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 55.

56. Paragraph 56 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant admits only that it owns and operates the Website. Defendant denies any and all remaining allegations asserted in Paragraph 56.

57. Paragraph 57 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

58. Paragraph 58 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

59. Paragraph 59 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

60. Paragraph 60 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

61. Paragraph 61 of the Complaint asserts allegations as to the guidelines making websites accessible to the blind and visually-impaired which are not directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant denies any and all remaining allegations asserted in Paragraph 61.

62. Paragraph 62 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 62.

63. Defendant denies any and all allegations asserted in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 64.

65. Paragraph 65 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies

any and all allegations asserted in Paragraph 65.

66. Paragraph 66 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 66, and further denies that Plaintiff is entitled to any injunctive relief on this claim.

67. Defendant denies any and all allegations asserted in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 68.

**AS TO "SECOND CAUSE OF ACTION**
*(Violation of New York State Human Rights Law, N.Y. Exec. Law
Article 15 (Executive Law § 292 et seq.))"*

69. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding Paragraphs 1 through 68 as if fully set forth herein.

70. Paragraph 70 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

71. Paragraph 71 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant any and all allegations asserted in Paragraph 71.

72. Paragraph 72 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant only admits that it owns and operates the Webiste. Defendant further denies the remaining allegations asserted in Paragraph 72.

73. Paragraph 73 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 73.

74. Paragraph 74 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

75. Paragraph 75 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

76. Paragraph 76 of the Complaint asserts allegations as to the guidelines making websites accessible to the blind and visually-impaired which are not directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant denies any and all remaining allegations asserted in Paragraph 76.

77. Paragraph 77 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 77, including subparagraphs (a) through (c) alleged therein.

78. Defendant denies any and all allegations asserted in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 79.

80. Paragraph 80 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 80, and further denies that Plaintiff is entitled to any injunctive relief and/or recovery on this claim.

81. Paragraph 81 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 81, and further denies that Plaintiff is entitled to any compensatory damages and/or civil penalties on this claim.

82. Defendant denies any and all allegations asserted in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint asserts legal conclusions to which no answer is required.

Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 83.

**AS TO "THIRD CAUSE OF ACTION**
*(Violation of New York State Civil Rights Law,
NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.))"*

84. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding Paragraphs 1 through 83 as if fully set forth herein.

85. Paragraph 85 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85, and, therefore, denies same.

86. Paragraph 86 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

87. Paragraph 87 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

88. Paragraph 88 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 88.

89. Paragraph 89 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all reamaining allegations asserted in Paragraph 89.

90. Paragraph 90 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 90.

91. Paragraph 91 of the Complaint asserts allegations as to the guidelines making websites

accessible to the blind and visually-impaired which are not directed to Defendant, and, therefore, no response is required. To the extent, a response is required, Defendant denies any and all remaining allegations asserted in Paragraph 91.

92. Paragraph 92 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

93. Paragraph 93 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

94. Defendant denies any and all allegations asserted in Paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all reamaining allegations asserted in Paragraph 95.

96. Paragraph 96 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 96, and further denies that Plaintiff is entitled to any compensatory damages, civil penalties, and/or punitive damages on this claim.

### AS TO "FOURTH CAUSE OF ACTION
*(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, et seq.)"*

97. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding Paragraphs 1-96 as if fully set forth herein.

98. Paragraph 98 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court.

99. Paragraph 99 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all remaining allegations asserted in Paragraph 99.

100. Paragraph 100 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant only admits that it ows and operates the Website. Defendant denies any and all remaining allegations asserted in Paragraph 100.

101. Paragraph 101 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all  allegations asserted in Paragraph 101.

102. Paragraph 102 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 102, including subparagraphs (a) through (c) alleged therein.

103. Defendant denies any and all allegations asserted in Paragraph 103 of the Complaint.

104. Paragraph 104 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 104.

105. Paragraph 105 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 105, and further denies that Plaintiff is entitled to any injunctive relief on this case.

106. Paragraph 106 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 106, and further denies that Plaintiff is entitled to any compensatory damages, civil penalties, and/or punitive damages on this case.

107. Defendant denies any and all allegations asserted in Paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 108.

## AS TO "FIFTH CAUSE OF ACTION
*(*Declaratory *Relief)*

109. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding Paragraphs 1 through 108 as if fully set forth herein.

110. Paragraph 110 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all remaining allegations contained in Paragraph 110.

111. Paragraph 111 of the Complaint asserts legal conclusions to which no answer is required. Defendant refers all questions of law to the Court. To the extent, a response is required, Defendant denies any and all allegations asserted in Paragraph 111.

## AS TO "PRAYER FOR RELIEF"

WHERFORE, Defendant denies the allegations and claims asserting Plaintiff's prayer for relief of the Complaint, including its subparagraphs (a) through (i) thereof, and aver that Plaintiff is not entitled to any of the relief requested therein or any other relief. In addition to the foregoing defenses, Defendant reserves the right to amend its Answer, to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14

The Complaint as a whole and each, and every purported cause of action alleged therein, fails to state facts sufficient to constitute a claim against Defendant, upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as neither the ADA, nor the regulations the DOJ has promulgated to date under the ADA, specifically address access to websites.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim barred as the Website alleged in the Complaint is not public accommodation as the term is defined by 42 U.S.C. § 12182.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the purported barriers are *de minimis* and/or within conventional industry tolerances, and non-actionable as they do not materially impair Plaintiff's use of the website for an intended purpose.

### AS AND FOR SIX AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue her alleged claims.

### AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the *doctrine of mootness*.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the Website provides equivalent or greater accessibility to Plaintiff and persons with disabilities.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities subjecting Defendant

to undue financial and administrative burdens or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the ADA and/or applicable state and local public accommodation laws.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *doctrines of waiver, laches, unclean hands, and/or estoppel*.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any alleged wrongful acts or omissions performed by Defendant or its agents, if any, which Defendant denies, do no subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for or sought any such assistance.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made as alleged in the Complaint, those changes were and are not required under federal law, and any requirements to make those changes would impose an undue burden on Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for or sought such assistance.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or subject to transfer in whole or in part, because they have been filed in an inconvenient forum or forum *non conveniens*.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that this Court lacks subject matter and/or other jurisdiction over all or portions of Plaintiff's Complaint.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing and/or capacity to bring these causes of action.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that this Court lacks personal jurisdiction over Defendant.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not nor has ever been a bona fide customer of Defendant.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Subject to proof in discovery, any damages claims contained in the Complaint may be barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Any and all decisions, actions, and conduct taken by Defendant with respect to Plaintiff were undertaken for legitimate, non-discriminatory business reasons.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

The court should not exercise supplemental jurisdiction over the non-federal claims in this suit.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of the fact that Plaintiff has not sustained any damages whatsoever resulting from the actions or inactions of defendant.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief requested in the Complaint and Defendant acted in good faith at all times.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is unable to satisfy the criteria for maintaining a class action. The potential class and subclasses are not numerous or ascertainable. The questions of law or fact are not common to the potential

class or subclasses. The claims of Plaintiff are not typical of the claims of the potential class or subclasses. The interests of the potential class and subclasses will not be fairly and adequately represented. Individual issues predominate over common issues.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant has made a good faith effort to comply with the ADA, New York State Human Rights Law, and New York City Human Rights Law, and all related laws, ordinances and statutes.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part because, upon information and belief, Plaintiff has filed numerous ADA lawsuits and should be declared a "vexatious litigant" who must seek leave of court before filing additional lawsuits.

Wherefore, Defendant respectfully demands judgment against Plaintiff dismissing all counts of the Complaint, and awarding attorneys' fees, costs and disbursements, and such other, further, and different relief as the Court may deem just and proper.

Dated: July 29, 2024
New York, New York

                                                      */s/ Michael Samuel*
Michael Samuel, Esq.
The Samuel Law Firm
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Defendant