

August 21, 2024

Hon. Mary K. Vyskocil
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

RE:   KARIM V. MIADONNA & COMPANY, LLC
      **Docket 1:24-cv-4788**

Hon, US. District Court Judge Vyskocil,

Please note, I represent Jessica Karim, the Plaintiff concerning the above referenced matter and submit this letter per Your Honor's Order (Doc. 9). Michael S. Samuel, Esq. represents Defendant MiaDonna & Company, LLC The Parties have jointly prepared the following to advise Your Honor of the facts and circumstances of this case.

1. A brief description of the case, including the factual and legal bases for the claim(s) and defenses:

Plaintiff's position: Plaintiff, Jessica Karim ("Plaintiff"), by and through the undersigned counsel, filed a Complaint against Defendant, MiaDonna & Company, LLC (hereafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL").

Defendant's position:  Defendant's position is that it is unlikely that plaintiff is a *bona fide* plaintiff with standing to bring the claims asserted, doubts that he has suffered any actual damages, and denies that its website is not fully accessible to visually-impaired individuals or that it has otherwise violated any applicable law, including the ADA, the NYSHRL, and

the NYCHRL. Defendant contends that its website is and has been appropriately accessible to Plaintiff and other visually impaired individuals using screen reading software and is in all respects otherwise compliant with the ADA. Defendant further contends that this action is premature as the relevant legal authorities have not yet enacted, adopted, or promulgated specific standards for website accessibility. Defendant further contends that this action is not appropriately certified as a class action under Fed. R. Civ. P. 23 as the alleged class is not, inter alia, sufficiently numerous or ascertainable.

2. A brief description of contemplated motions: None at this time

3. The basis for subject matter jurisdiction:

   Plaintiff's Position: This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, et seq., based upon Defendant's failure to remove barriers to access on its website in violation of Title III of the ADA (see also, 28 U.S.C. §2201). Venue is proper in this Court, pursuant to 28 U.S.C. §139(B) in that all events giving rise to this lawsuit occurred in New York, County of New York.

   Defendant's Position: Defendant concedes that foregoing is an accurate summary of the bases for venue and jurisdiction asserted in the Complaint. Defendant reserves all rights to challenge jurisdiction and/or venue at the appropriate time, as its deadline to move, answer or otherwise respond to the Complaint has not passed.

4. Discovery: The parties have not yet engaged in discovery.

5. The prospect for settlement:

   Plaintiff's Position: At this time, meaningful settlement discussions have taken place. The parties are confident that we will reach a settlement in principle within 30 days.

   Defendant's Position: Same as Plaintiff.

6. Trial: The parties anticipate 2-3 days for trial.

7. Mediation:

   The Parties are interested in referral to the Court's mediation program in 60 days.

                                                                             Respectfully Submitted,

| /s/ Gabriel A. Levy | /s/ Michael S. Samuel |
|---|---|
| Gabriel A. Levy, Esq. | Michael S. Samuel, Esq. |
| Attorney for Plaintiff | Attorney for Defendant |